IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CR. NO. C-12-777SS(02) |
| | § | |
| SABRINA FLORES | § | |

### FINDINGS AND RECOMMENDATION
### ON PLEA OF GUILTY

United States District Judge Nelva Gonzales Ramos referred this case to the undersigned United States Magistrate Judge for the purpose of conducting a guilty plea proceeding pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The undersigned submits these Findings and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(3). All parties have waived the right to plead before a United States District Judge, and additionally, have consented to proceed before the undersigned.

On December 7, 2012, the defendant appeared with counsel before the undersigned magistrate judge and was personally addressed in open court and admonished pursuant to Rule 11 of the Federal Rules of Criminal Procedure as follows:

1.  The defendant was placed under oath and advised that any false answers given during the plea proceeding could be used by the United States against the defendant in a prosecution for perjury or for making a false statement;

2.  The defendant was advised that Count Three of the Second Superseding Indictment charged a violation of Title 21, United States Code, Section 846 which makes it unlawful for any person knowingly to conspire with another to possess with intent to distribute a quantity less than 28 grams of a mixture or substance containing cocaine base (also known as crack cocaine), a Schedule II controlled substance.

3.  The defendant was advised of the defendant's right to a jury trial, the right to the presumption of innocence, the right to require that the United States prove each of the elements of the offense to a jury beyond a reasonable doubt, that is the United States must prove beyond a reasonable doubt that (1) two or more persons, directly or indirectly, reached an agreement to knowingly and intentionally possess with intent to distribute a controlled substance; (2) the defendant knew of the unlawful purpose of the agreement;

(3) the defendant willfully joined in the agreement, that is voluntarily with the intent to further its unlawful purpose; and (4) the overall scope of the conspiracy involved a quantity less than 28 grams of a mixture or substance containing cocaine base (also known as crack cocaine), a Schedule II controlled substance.  The defendant was further advised that the right to a jury trial included the right to see, hear and cross-examine witnesses, the right to compel witnesses to appear in the defendant's behalf, and the right to testify in the defendant's behalf or to remain silent;

  4. The defendant was advised that a plea of guilty would waive the right to a jury trial, the right to see, hear and cross examine witnesses, the right to compel witnesses to appear in the defendant's behalf, and the right to remain silent;

  5. The defendant was advised that the possible sentence included a maximum prison term of up to twenty years without probation, parole, or suspended sentence.  The defendant was further advised that a fine of up to a maximum of $1,000,000 could also be imposed.  The defendant was further advised that after the prison sentence was served the defendant would be subject to a minimum supervised release term of three years and a maximum period of supervised release of life.  If the defendant violated supervised release, the defendant could be required to return to prison for up to two more years.

  The defendant also was advised that even if she received the maximum two year sentence for violation of supervised release, if she had not completed her full term of supervised release, she could be re-released to supervised release, and if revoked again she could receive up to a two year sentence again.  The defendant was advised that this could happen multiple times until she had completed serving her term of supervised release;

  The defendant also was advised that a mandatory $100 special assessment applied to this felony conviction.

  6. The defendant was advised of the District Court's obligation to calculate the applicable advisory sentencing guideline range and to consider that advisory range, and further was advised that the District Court may consider possible departures from the Sentencing Guidelines and other variances pursuant to 18 U.S.C. § 3553(a); and

  7. The defendant was advised that her written plea agreement with the United States included a promise that, in exchange for her plea of guilty to Count Three, the United States would recommend maximum credit for acceptance of responsibility and a sentence within the applicable guideline range.  The United States further agreed to move to dismiss Counts One and Two at sentencing;

Also according to the plea agreement, if the defendant has provided or did provide prior to sentencing, substantial assistance to the United States, the United States *may* move for a downward departure pursuant to U.S.S.G. §5K1 and commensurate with the value of the information provided.  The defendant was further advised that the decision about whether to move for a downward departure was a decision solely in the discretion of the attorney for the United States. The defendant was further advised that the plea agreement included only a promise by the United States to make a certain recommendation to the sentencing court, not a promise by the sentencing court to impose a certain sentence;

8. The defendant was further advised that the plea agreement contained a waiver of her right to appeal and to file any petitions collaterally challenging her conviction.  The defendant stated that she had discussed the appeal waiver with her attorney and she understood that she was knowingly waiving her right to appeal the conviction and sentencing decision of the District Court to a higher court unless the District Court *sua sponte* departed upward from the applicable guideline range or imposed a sentence that exceeded the maximum sentence, and that she was knowingly waiving her right to file a petition collaterally challenging her conviction.  The defendant further stated that she was asking the District Court to accept the plea agreement with the waiver of her appellate rights; and

9. The defendant was advised that conviction of this offense would cause her to lose certain rights she has as a citizen, such as the right to possess and own firearms, the right to vote, the right to serve on a jury, and the right to hold public office, and the defendant further stated she had discussed these matters with her attorney.

The defendant stated that she had received a copy of the Second Superseding Indictment, she understood the nature of the charge, the maximum possible penalty, and the consequences of pleading guilty.  The defendant further stated that the plea of guilty was made freely and voluntarily, and did not result from any force, threats or coercion, and no one had promised the defendant a certain sentence. The defendant stated that she understood that if she did not receive the sentence hoped for, she could not withdraw her plea of guilty.  The undersigned finds the defendant to be sufficiently competent to enter a plea of guilty.

The defendant pleaded guilty to the offense of conspiracy to possess with intent to distribute a quantity less than 28 grams of a mixture or substance containing cocaine base

(also known as crack cocaine), a Schedule II controlled substance as charged in Count Three of the Second Superseding Indictment. When questioned about the guilty plea, the defendant admitted that she was aware that two or more persons entered into an agreement to possess cocaine base with the intent to distribute it, she knew of the unlawful purpose of the agreement, she voluntarily joined in the agreement with the intent to further its unlawful purpose, and the scope of the conspiracy involved a quantity less than 28 grams of a mixture or substance containing cocaine base (also known as crack cocaine), a Schedule II controlled substance.

The undersigned United States Magistrate Judge finds that defendant's guilty plea was freely and voluntarily tendered and did not result from force, threats, or promises and that an adequate factual basis exists in relation to this plea.

## **RECOMMENDATION**

It is respectfully recommended that the District Court adopt the foregoing findings, accept the defendant's plea of guilty, and enter a finding that the defendant is guilty as charged in Count Three of the Second Superseding Indictment.

Respectfully submitted this 7th day of December, 2012.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file the Findings and Recommendation on Plea of Guilty and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Crim. P. 59(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).